# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TED GUILLOTTE | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. G-06-671 |
| ENERGY PARTNERS LTD. d/b/a | § | |
| DELAWARE ENERGY PARTNERS, LTD., | § | FRCP 9(H)-ADMIRALTY |
| ENERGY PARTNERS 1998 INC.; ENERGY | § | |
| PARTNERS OF DELAWARE, LTD., | § | |
| HEATHER LYNN, INC., BLAKE | § | |
| OFFSHORE, LLC, PRODUCTION | § | |
| MANAGEMENT INDUSTRIES, LLC, | § | |
| M/V CAPTAIN RAYNE AND | § | |
| ST 41B MOPU | § | |

**ORIGINAL CROSS-CLAIM OF PRODUCTION MANAGEMENT INDUSTRIES LLC
AGAINST ENERGY PARTNERS, LTD.**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Production Management Industries LLC ("PMI"), Defendant and now Cross-Plaintiff, complaining of Energy Partners, Ltd. d/b/a Delaware Energy Partners, Ltd. ("EPL"), Defendant and now Cross-Defendant, and for cause of action, would respectfully show the following:

I.

This is an admiralty and maritime claim within the meaning of Fed. R. Civ. P. 9(h).

II.

At all times material hereto, Cross-Plaintiff, PMI, was and is a foreign corporation or other business entity duly organized and existing under and by virtue of the law.

At all times material hereto, Cross-Defendant, EPL was and is a foreign corporation or other business entity duly organized and existing under and by virtue of the law. Cross-Defendant has

heretofore answered Plaintiff's Complaint. Service of this Original Cross-Claim is being made upon Cross-Defendant's counsel of record, Robert D. Brown, Donato, Minx & Brown P.C., 3200 Southwest Freeway, Suite 2300, Houston, Texas 77027.

III.

Plaintiff has heretofore filed his First Amended Complaint against Cross-Plaintiff and others seeking recovery for personal injuries allegedly sustained by him while working offshore Louisiana in the Gulf of Mexico on or about March 14, 2006. On that date, Plaintiff, was employed by Parkway Machine & Mechanical, a contractor or subcontractor of EPL, to perform work onboard the MOPU No. 8, mobile offshore production unit owned by Blake Offshore, L.L.C. and leased to EPL. At the time of the alleged incident in suit, Heather Lynn, Inc. was the owner and/or operator of the M/V CAPTAIN RAYNE which was used to provide transportation services for EPL's and its contractors' employees (such as Plaintiff, Guillotte) on the occasion in suit. In addition, PMI (another contractor of EPL), was providing inter alia crane operating services onboard the MOPU No. 8 on the occasion in question. Plaintiff's personal injuries were allegedly sustained during the course of being transferred by crane-operated personnel basket from the M/V CAPTAIN RAYNE to the MOPU No. 8.

In his First Amended Complaint, Plaintiff pled general maritime jurisdiction pursuant to Rule 9(h), alleging negligence under the general maritime law. He also pled claims for gross negligence, and intentional and/or reckless acts. Cross-Plaintiff, as Defendant, has heretofore answered Plaintiff's First Amended Complaint denying any and all liability and/or responsibility to the Plaintiff and asserting other affirmative defenses.

IV.

Cross-Plaintiff seeks contractual indemnity, defense and protection from Cross-Defendant for all sums which it may become liable to pay to Plaintiff in judgment or settlement, as well as interest, costs of court and attorneys' fees for defending Plaintiff's action and attorney's fees for prosecuting this Cross-Claim. More specifically, at the time of the alleged incident in suit, there was in full force and effect an Alliance Agreement - Production Operations and Maintenance Services ("Alliance Agreement") dated June 4, 1998 between Defendant and Cross-Plaintiff, PMI and Defendant and Cross-Defendant, EPL. Pursuant to this Agreement, Cross-Plaintiff is entitled to indemnity, defense and protection from Cross-Defendant for all claims and causes of action asserted by Plaintiff in this action. Despite due demand for these contractual protections, Cross-Defendant has failed and refused and continues to fail and refuse to honor same, in breach of Cross-Defendant's contract and to the detriment of Cross-Plaintiff as aforesaid.

V.

In the alternative, and without waiving the foregoing, Cross-Plaintiff also avers that if Plaintiff was damaged as alleged, which damages are not admitted but rather expressly denied, then such damages were caused by the negligence or other legal fault of Cross-Defendant. Accordingly, Cross-Plaintiff prays for indemnity or, alternatively, contribution from Cross-Defendant for all sums which Cross-Plaintiff may become liable to pay to Plaintiff in judgment or settlement, together with pre-judgment and post-judgment interest, costs of court, attorney's fees for defending Plaintiff's action and attorney's fees for prosecuting this Cross-Claim.

WHEREFORE, PREMISES CONSIDERED, Cross-Plaintiff, Production Management Industries LLC prays that Cross-Defendant, Energy Partners, Ltd. d/b/a Delaware Energy Partners,

Ltd., responds to this Cross-Claim and that upon trial hereof, Cross-Plaintiff has judgment against Cross-Defendant for contractual indemnity, defense and protection, indemnity or, alternatively, contribution for all damages, interest, costs and attorney's fees referenced above, and for such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled to receive.

Respectfully submitted,

WHITE MACKILLOP & BAHAM P.C.

By: /s/ Ronald L. White
Ronald L. White
Texas Bar No. 21328300
S.D. I.D. No. 234
2200 West Loop South, Suite 1000
Houston, Texas  77027
Telephone:  713/599-0211
Telefax:  713/599-1355
E-Mail : rwhite@wmbpc.com

ATTORNEYS FOR DEFENDANT AND
CROSS-PLAINTIFF, PRODUCTION
MANAGEMENT INDUSTRIES LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing was on this date automatically accomplished on all known Filing Users through the Notice of Electronic Filing. Service on any party or counsel who is not a Filing User was accomplished via Email, Certified Mail/RRR and/or U.S. First Class Mail, in accordance with the Federal Rules of Civil Procedure on the 26th day of June, 2007.

/s/ Ronald L. White
Ronald L. White