IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| TED GUILLOTE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| ENERGY PARTNERS LTD. d/b/a § | |
| DELAWARE ENERGY PARTNERS, LTD.; § | |
| ENERGY PARTNERS 1998 INC.; § | CIVIL ACTION NO. G-06-0671 |
| ENERGY PARTNERS OF DELAWARE, § | |
| LTD.; HEATHER LYNN, INC.; § | |
| BLAKE OFFSHORE, LLC; PRODUCTION § | |
| MANAGEMENT INDUSTRIES, LLC; § | |
| M/V CAPTAIN RAYNE; and § | |
| ST 41B MOPU, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendant, Heather Lynn, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Docket Entry No. 28). For the reasons stated below, defendant's motion will be granted.

**I.  Background**

Plaintiff, a Louisiana resident, was working offshore as a mechanic in March of 2006.[1] In the course of his employment he had to be transferred via crane in a personal transfer basket from the co-defendants' platform to the M/V Captain Rayne, which was owned

---

[1] The factual background is taken from Plaintiff's Response to Heather Lynn's Motion to Dismiss, Docket Entry No. 63, pp. 1-2.

and operated by defendant Heather Lynn, Inc. ("Heather Lynn"). Plaintiff alleges that the crane operator was negligent, causing the plaintiff to be thrown twice against Heather Lynn's vessel. Plaintiff also alleges that Heather Lynn was negligent for using the wrong type of vessel, failing to maintain the vessel in place, and not having its crew ready for the transfer. Plaintiff sued defendants for his injuries arising from the accident in the United States District Court for the Southern District of Texas. Heather Lynn, a Louisiana corporation, moves the court to dismiss it from the lawsuit for lack of personal jurisdiction.

## II.  Analysis

**A.  Legal Standard**

The burden rests on the plaintiff to establish that the court has personal jurisdiction over a nonresident defendant who moves for dismissal. Wilson v. Belin, 20 F.3d 644, 648 (5th Cir. 1994). The plaintiff meets this burden by presenting a prima facie case that personal jurisdiction is proper. Jones v. Petty-Ray Geophysical Geosource, Inc., 954 F.2d 1061, 1067 (5th Cir. 1992). A district court may consider affidavits and other properly obtained evidence when making its determination but must accept the uncontroverted allegations in the complaint as true and resolve all factual conflicts in favor of the plaintiff. Wilson, 20 F.3d at 648. Because the Texas long-arm statute authorizes the exercise of personal jurisdiction to the full extent allowed by the Due Process

Clause of the United States Constitution, the court must examine whether

> (1) Heather Lynn "purposefully availed [itself] of the benefits and protections of the forum state by establishing minimum contacts with the forum state;" and
>
> (2) the exercise of jurisdiction would "offend traditional notions of fair play and substantial justice."

Central Freight Lines, Inc. v. APA Transport Corp., 322 F.3d 376, 380 (5th Cir. 2003) (internal quotations omitted). See also International Shoe Co. v. Washington, 66 S. Ct. 154, 158 (1945).

Minimum contacts exist when the defendant's conduct with the forum state is such that it "should reasonably anticipate being haled into court there." Burger King Corp. v. Rudzewicz, 105 S. Ct. 2174, 2183 (1985) (quoting World-Wide Volkswagen Corp. v. Woodson, 100 S. Ct. 559, 567 (1980)). The minimum contact requirement can be divided into contacts that give rise to either specific or general jurisdiction. Central Freight Lines, 322 F.3d at 381. Specific jurisdiction exists when the defendant has "purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." Id. (quoting Burger King, 105 S. Ct. at 2182). General jurisdiction can be exercised "when a defendant's contacts with the forum state are substantial and continuous and systematic but unrelated to the instant cause of action." Id.

**B.   Minimum Contacts**

Plaintiff argues only that general jurisdiction can be asserted over Heather Lynn.[2] In support of this argument plaintiff points to the fact that Heather Lynn has five clients whose principal place of business is in Texas:  Shell, Chevron, Nexen, Northstar, and Energy Partners.[3] Plaintiff also notes that Heather Lynn regularly communicates with Chevron's Houston office, mailed its contract to the Houston office, and regularly sends invoices to Northstar in Texas.[4] Finally, plaintiff argues that general jurisdiction exists because Heather Lynn's contract with Chevron provides that the contract will be governed by Texas law, will be deemed to have been performed in Houston, and any disputes arising out of the contract will be resolved by arbitration in Houston, Texas.[5]

The court is not persuaded that Heather Lynn has the kind of substantial, continuous, and systematic contacts with the State of Texas sufficient to exercise general jurisdiction in this case. "[M]erely contracting with a resident of the forum state does not

---

[2] Plaintiff's Response to Heather Lynn's Motion to Dismiss, Docket Entry No. 63, pp. 5-6.  Alternatively, the court concludes that specific jurisdiction is lacking because plaintiff's injuries did not arise out of or relate to any of Heather Lynn's activities in Texas.

[3] Id. at 5.

[4] Id.

[5] Id.

establish minimum contacts." <u>Moncrief Oil Int'l Inc. v. OAO Gazprom</u>, 481 F.3d 309, 311 (5th Cir. 2007). Furthermore, "[a]n exchange of communications in the course of developing and carrying out a contract does not, by itself, constitute the required purposeful availment of the benefits and protections of Texas law." <u>Id.</u>

In <u>Central Freight Lines</u> the Fifth Circuit refused to subject a defendant to general jurisdiction who routinely arranged and received shipments to and from Texas and regularly sent sales people to Texas to develop business, negotiate contracts, and maintain national accounts. 322 F.3d at 381. The Court emphasized that despite this activity the defendant had never registered to do business in the state or maintained an office there, had never paid franchise taxes in Texas, or operated any trucks or picked up or delivered any freight in Texas. <u>Id.</u> In this case Heather Lynn has never sent any vessels, employees, or agents to Texas, nor are its contracts performed in Texas. The entirety of Heather Lynn's communications with its Houston clients consist of mail, a few phone calls, and several e-mails concerning paperwork.[6]

---

[6] Plaintiff's Response to Heather Lynn's Motion to Dismiss, Docket Entry No. 63, Exhibit 1, Deposition of Vicki Babineaux, pp. 24-25, 33, 48. ("Q: Have you dealt with anybody at Chevron from Houston?  A: I believe, yes. . . . Q: And what have your dealings been with [her]?  A: She's the one I think gets -- if I go back, that's on the contract that e-mails it and sends the necessary paperwork and the instructions on how to invoice. Q: Have you talked to her on the phone?  A: Probably once, maybe twice.")

Heather Lynn's contract with Chevron is irrelevant to this analysis because it was acquired after Heather Lynn was brought into the lawsuit. See Access Telecom, Inc. v. MCI Telecommunications Corp., 197 F.3d 694, 717 (5th Cir. 1999) ("General jurisdiction can be assessed by evaluating contacts of the defendant with the forum over a reasonable number of years, up to the date the suit was filed."). The same is true for the invoices sent to Northstar, which were sent after this action was filed. However, even considering these facts in toto does not lead to the conclusion that Heather Lynn has substantial, continuous, and systematic contacts required for general jurisdiction. See Freudensprung v. Offshore Technical Servs., Inc., 379 F.3d 327, 345 (5th Cir. 2004) (holding that personal jurisdiction cannot be premised on an arbitration clause between the defendant and a third party). The court therefore concludes that plaintiff has failed to demonstrate that the court has personal jurisdiction over Heather Lynn. Cf. Wilson v. Belin, 20 F.3d 644, 650–51 (5th Cir. 1994) (finding that general jurisdiction did not exist for a defendant despite the fact that he had carried malpractice insurance through a Texas firm for less than a year, performed approximately one legal project per year for various Texas firms, gave a legal seminar there, visited twice in his capacity as a pro bono consultant for the historical society in Dallas, wrote a book that was circulated in Texas, and gave interviews to Texas reporters).

### III. Conclusion and Order

For the reasons stated above, the court concludes that it lacks personal jurisdiction over defendant, Heather Lynn, Inc. Defendant, Heather Lynn, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Docket Entry No. 28) is therefore **GRANTED**; and defendant, Heather Lynn, Inc., is **DISMISSED for lack of jurisdiction.**

**SIGNED** at Houston, Texas, on this the 13th day of July, 2007.

SIM LAKE
UNITED STATES DISTRICT JUDGE